**Berger, trad. as Copley Manor Apartments v. Northwest Tenants Organization, Inc.**

*Victor Lipsky,* for plaintiff.

*Lawrence Coburn* and *Stanley J. Shapiro,* for defendants.

HAGAN, J., October 19, 1973.—This matter, which has been assigned to me by the motion court judge, is before me upon defendants' preliminary objections to plaintiff's amended complaint in equity.

The amended complaint incorporates the averments of the original complaint and adds additional averments thereto. In the composite, the complaint and amended complaint are substantially as follows:

Plaintiff is the owner of a certain apartment complex; that defendants are certain individuals who are tenants of said apartment complex; that pursuant to a form 40 lease, the individual defendants are also members of an unincorporated association, Copley Manor Tenants' Association; and that certain other defendants are executive director and staff attorney of said association.

The complaint and amended complaint further aver that defendants, individually and collectively, have

agreed among themselves and with others to engage in a course of conduct, and have engaged in a course of conduct, whereby they have induced and caused the tenants of plaintiff's apartment complex to refuse to pay rent to plaintiff as it comes due and, in lieu thereof, to pay rental to one or more of the defendants, to be held and accumulated "and used as an economic leverage against the plaintiff."

The complaint further alleges that defendants have possession of approximately $7,500 in rental payments, which were payable to plaintiff, which sum defendants have refused to pay to plaintiff, and that upon the filing of any court action by plaintiff, defendants intend to distribute and disburse the said rental payments in order to prevent attachment.

The amended complaint avers that, as a result of defendants' conduct, plaintiff has been required to obtain legal counsel and that defendants' conduct in withholding rent and inducing others to withhold rent is unlawful because the factual situation does not bring the case within the provisions of the Rent Withholding Act of January 24, 1966, P. L. (1965) 1534, as amended, 35 PS §1700(1).

The complaint avers that defendants have been guilty of "misuse and abuse of legal process." The prayer of the complaint and amended complaint is to restrain and enjoin defendants from distributing, disbursing or otherwise disposing of any of the sums of money paid to or held by defendants as rent or in lieu of rent, and to further enjoin defendants from contacting, soliciting or by any other means, causing tenants to refrain from paying rent or, in lieu of paying rent, paying said sums to defendants.

One ground of the preliminary objections is that plaintiff has failed to prove irreparable injury or, stating

it differently, that plaintiff has an adequate remedy at law. Were plaintiff suing only for sums of money withheld in the past, there would be merit to this argument. Since, however, plaintiff alleges a continuing course of conduct, he does not have an adequate remedy at law and equity has jurisdiction to prevent a multiplicity of actions.

Another ground of the preliminary objections goes to the portion of the complaint requesting reimbursement by plaintiff of legal fees incurred by plaintiff. We believe this preliminary objection is well taken, but since it goes merely to the remedy and not to the existence of a cause of action, we do not pass upon it at this time.

Another of defendants' preliminary objections is directed to that portion of the complaint and amended complaint which refers to a "misuse and abuse of legal process" by defendants. Since neither the complaint nor the amended complaint refers to any legal process which has been allegedly misused or abused, they are deficient in this respect and preliminary objections must be sustained.

The main thrust of the complaint and amended complaint is an allegation of tortious interference with a contractual relationship. While it may well be that plaintiff may not be able to prove such allegation at trial, we cannot hold that plaintiff has failed to establish at least a prima facie case in this respect.

For the foregoing reasons, defendants' preliminary objections are sustained with respect to plaintiff's cause of action for malicious use or abuse of legal process, and defendants' preliminary objections are dismissed with respect to plaintiff's allegation of malicious interference with a contractual relationship.